UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WELLS FARGO PRACTICE FINANCE, A DIVISION OF WELLS FARGO BANK, N.A.,

*Plaintiff*,

vs.

ASHLEY BROWN, DDS, PLLC, and ASHLEY GENEE BROWN,

*Defendants*.

Civil Action No.

## COMPLAINT

Plaintiff, Wells Fargo Practice Finance, a division of Wells Fargo Bank, N.A., its successors, predecessors and assigns ("WFPF"), hereby brings this action against Ashley Brown, DDS, PLLC and Ashley Genee Brown (collectively "Defendants"), and respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy is in excess of $75,000, exclusive of interest and costs, and there is diversity between the parties.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## THE PARTIES

3. WFPF is located in California and is an operating division of Wells Fargo Bank, a national banking association chartered under the laws of the United States of America with its

main office and principal place of business in Sioux Falls, South Dakota, and is therefore deemed to be a citizen of the State of South Dakota for diversity jurisdiction purposes.

4. Defendant, Ashley Brown, DDS, PLLC (the "Practice") is a Texas professional limited liability company, with its principal place of business located in Houston, Texas, which premises are located in the Southern District of Texas, and is therefore deemed to be a citizen of the State of Texas for diversity jurisdiction purposes.

5. Defendant, Ashley Genee Brown ("Brown"), is a resident of Houston, Texas.

## THE LOAN DOCUMENTS AND THE COLLATERAL

6. At all relevant times, the Practice operated a dental practice in Houston, Texas.

7. On information and belief, the Practice currently does business under the fictitious name Infinite Smiles Family Dentistry at 1333-C Old Spanish Trail, Houston, Texas 77054.

8. On December 4, 2015, WFPF and the Practice entered into a Master Loan and Security Agreement Number 3024029, (the "Master Agreement"), a copy of which is attached as **Exhibit A**.

9. WFPF and the Practice entered into a Loan Schedule to Master Loan and Security Agreement Number 3024029-001 (the "Schedule"), attached as **Exhibit B**, whereby WFPF agreed to lend funds to the Practice under the Master Agreement and the Practice agreed to repay the funds by making monthly payments to WFPF.

10. Under the Master Agreement, the Practice granted WFPF a security interest in all property described in the Schedule which includes all of its: (a) accounts, chattel paper, and other rights to payment, whether then owned or thereafter acquired; (b) all of its inventory, whether then owned or thereafter acquired; (c) all of its equipment, whether then owned or thereafter acquired; (d) all of its general intangibles and contract rights, including without limitation all

2

patient records and patient charts, whether then owned or thereafter acquired; and (e) all of its substitutions and replacements for and products of any of the foregoing personal property, together with all accessions, attachments, parts and modifications, and repairs then or thereafter attached or affixed to or used in connection with any such personal property (collectively, the "Practice Collateral").

11. This Practice Collateral includes all of the Practice's equipment, account receivables, and general intangibles, including all patient records and charts.

12. WFPF protected its liens and security interests against the Practice Collateral by filing a UCC-1 Financing Statement number 150039790458 on December 17, 2015 (the "UCC Financing Statement"), a copy of which is attached hereto as **Exhibit C**.

13. Finally, Brown entered into a Secured Guaranty attached as **Exhibit D** (the "Secured Guaranty"). The Secured Guaranty also conveys a blanket lien on Brown's assets described therein (the "Brown Collateral") as collateral for the loan under the Master Agreement, which was also perfected by the UCC Financing Statement. The Practice Collateral and Brown Collateral are collectively referred to as the "Collateral."

14. WFPF is currently the holder and owner of the Master Agreement, Schedule, and Secured Guaranty, and the indebtedness due thereunder.

## COUNT I
**(Breach of Contract against the Practice)**

15. WFPF realleges and incorporates by reference paragraphs 1 through 14 above.

16. On May 15, 2019 the Practice defaulted under the Master Agreement when it failed to make the required monthly payments due under the Master Agreement (the "Default").

17. After the Default, WFPF declared the entire balance under the loan documents to be immediately due and payable. As if October 28, 2019, the payoff amount was $268,868.84

which continues to increase by $35.05 daily, plus attorneys' fees, costs and any other amounts accruing thereafter under the loan documents.

18. Despite WFPF's demand, the Practice has failed to cure the Default.

19. WFPF has performed all conditions precedent on its part, to the extent that there are any, under the loan documents.

WHEREFORE, WFPF requests judgment against Defendant Ashely Brown, DDS, PLLC in an amount not less than $268,868.84 (plus $35.05 per diem since October 9, 2019), plus attorneys' fees, costs and any other amounts due under the loan documents, and for any further relief that is appropriate and just.

## COUNT II
**(Breach of Contract against Brown)**

20. WFPF realleges and incorporates by reference paragraphs 1 through 19 above.

21. On May 15, 2019 Brown defaulted under the Secured Guaranty when she failed to cure the Default after the Practice's Default was called by WFPF.

22. Despite WFPF's demand, Brown has failed to comply with her obligations under the Secured Guaranty and cure the Default.

23. WFPF has performed all conditions precedent on its part, to the extent that there are any, under the loan documents.

WHEREFORE, WFPF requests judgment against Defendant Ashely Genee Brown in an amount not less than $268,868.84 (plus $35.05 per diem since October 9, 2019), plus attorneys' fees, costs and any other amounts due under the loan documents, and for any further relief that is appropriate and just.

## COUNT III
### (Replevin against Defendants)

24. WFPF realleges and incorporates by reference paragraphs 1 through 23 above.

25. By reason of the Default, WFPF is entitled to immediate possession of its Collateral.

26. Upon information and belief, the in-place in-use value of the aforementioned collateral is an amount less than the amount due from Defendants.

27. A description of the collateral is set forth in the loan documents described above.

28. The tangible portion of the Collateral, or certain portions of it, are presently in Defendants' possession and control.

29. Pursuant to the loan documents described above, WFPF has a right to recover its Collateral.

30. None of the subject property has been taken for a tax, assessment, or fine pursuant to law or under an execution or attachment.

WHEREFORE, WFPF requests judgment against Defendants for possession of its Collateral, plus interest, attorneys' fees, costs and any other amounts due under the loan documents, and for any further relief that is appropriate and just.

## COUNT IV
### (Foreclosure of Security Interest)

31. WFPF realleges and incorporates by reference paragraphs 1 through 30 above.

32. This is an action to foreclose a lien on personal property which WFPF asserts in the alternative to Count III above.

33. WFPF, filed the UCC Financing Statement as to its Collateral with the Texas Secretary of State.

34. All conditions precedent to the perfection of WFPF's security interest in its Collateral, to WFPF's right of recovery as alleged, and to the foreclosure of WFPF's security interest as described above have been performed or have occurred.

35. WFPF has declared Defendants in default under the Master Agreement and Secured Guaranty.

36. By reason of the above, WFPF has a valid and perfected lien on the Collateral for the sum of $268,868.84, with additional interest, attorneys' fees, and other charges accruing.

WHEREFORE, in the alternative to Count III, WFPF requests that its security interest be foreclosed, the Collateral be sold under the judgment of this Court, that the proceeds of the sale be applied toward the satisfaction and payment of the expenses of sale, plus interest, attorneys' fees, costs and any other amounts due under the loan documents, and for any further relief that is appropriate and just.

Respectfully submitted,

**HOLLAND & KNIGHT**

/s/ *Annapoorni R. Sankaran*
ANNAPOORNI SANKARAN
Texas Bar No. 24071918
S.D. Tex. No. 1097856
Andrea James
Texas Bar No. 24092571
S.D. Tex. No. 3124869
1100 Louisiana Street, Suite 4300
Houston, TX 77002
Telephone: 713-244-8158
e-mail: anna.sankaran@hklaw.com
e-mail: andrea.james@hklaw.com

**ATTORNEYS FOR PLAINTIFF**
**WELLS FARGO PRACTICE FINANCE,**
**A DIVISION OF WELLS FARGO BANK, N.A.**

# **VERIFICATION**

Under penalty of perjury under the laws of the United States of America and the State of Florida, I declare that I have read the foregoing, and that the facts alleged therein are true and correct to the best of my knowledge and belief. I understand that a false statement in this Verification will subject me to penalties of perjury.

Wells Fargo Practice Finance, a
division of Wells Fargo Bank, N.A.

By: _Rebecca Lee Souza_ (signature)

Name: Rebecca Lee Souza

Title: Loan Adjustor

10/28/2019

STATE OF _____ )
)
COUNTY OF _____ )

Sworn to and subscribed before me this ____ day of _____, 2019 by _____. He personally appeared before me, is personally known to me [ ] or produced _____ as identification.

see attached California Jurat Certificate _Lisa M. Nedigian_ Notary Public

Notary Public, State of _____
Print Name: _____
My commission expires: _____

8



# Jurat Certificate   California only

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |

State of California

County of __Contra Costa__

Subscribed and sworn to (or affirmed) before me on this __28th__

day of __October__, 20__19__, by __Rebecca Lee Souza__

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

*Place Seal Here*

Signature __Lisa M. Gedigian__
Notary Public

LISA M. GEDIGIAN
Notary Public – California
Alameda County
Commission # 2222991
My Comm. Expires Dec 21, 2021

## Description of Attached Document

Type or Title of Document
__United States District Court Complaint__

Document Date __10/28/19__        Number of Pages __8__

Signer(s) Other Than Named Above
_____

DSG 3018 CA (Rev 02-2/15)