UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLS FARGO PRACTICE FINANCE, A DIVISION OF WELLS FARGO BANK, N.A. <br>    Plaintiff, <br><br> vs. <br><br> ASHLEY BROWN, DDS, PLLC, AND ASHLEY GENEE BROWN <br>    Defendant. | § § § § § § § § § § § | Civil Action No. 4:19-CV-04244 <br><br><br> JURY DEMANDED |

**DEFENDANT, ASHLEY GENEE BROWN'S,**
**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE BENNETT:

    COME NOW **ASHLEY GENEE BROWN** ("Ms. Brown"), Defendant in the above styled cause, and files this Answer to Plaintiff's Complaint and Affirmative Defenses, and in support thereof would show the Court as follows:

**I**
**ANSWER**

    1.   Ms. Brown admits the allegations contained in Paragraph 1 of the Complaint.

    2.   Paragraph 2 contains legal argument which requires no answer.  To the extent that it does require an answer, Paragraph 2 of the Complaint is admitted.

    3.   Ms. Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

    4.   Paragraphs 4 states legal conclusions for which no answer is required and therefore Ms. Brown neither admits nor denies those legal contentions.  With respect to the factual allegations, Ms. Brown admits that her former dentistry practice, Ashley Brown, DDS, PLLC, is registered as a Texas professional liability company and it formerly had its principal place of

business in Houston, Texas. The sole member is Ms. Brown who is a resident of Texas, so for that reason it is a citizen of Texas. Ms. Brown further adds that that dental practice ceased operations.

5. Ms. Brown admits that she is a resident of Houston, Texas as alleged in Paragraph 5 of the Complaint.

## THE LOAN DOCUMENTS AND THE COLLATERAL

6. Ms. Brown admits that the dental practice did practice in Houston, Texas as alleged in Paragraph 6 of the Complaint, before it ceased operations.

7. Ms. Brown denies the factual allegations contained in Paragraph 7 of the Complaint; the dental practice has ceased operations.

8. Ms. Brown admits the allegations contained in Paragraph 8 of the Complaint.

9. Ms. Brown admits the allegations contained in Paragraph 9 of the Complaint.

10. Ms. Brown admits that Ashley Brown, DDS, PLLC entered into the loan agreement with Wells Fargo described in Paragraph 10 of the Complaint, which contains a security agreement with terms set forth in the instrument; Ms. Brown otherwise denies allegations in paragraph 10 that are not the terms described in the instrument.

11. Ms. Brown admits that Ashley Brown, DDS, PLLC entered into the loan agreement with Wells Fargo described in Paragraph 10 of the Complaint that provides for Practice Collateral and admits to the terms describing the collateral in that instrument. Ms. Brown otherwise denies allegations in paragraph 11 that are not the terms described in the instrument.

12. Ms. Brown admits that WFPF filed a UCC-1 Financing Statement number 150039790458 on December 17, 2015 (the "UCC Financing Statement") described as Exhibit C in the Complaint and as alleged in Paragraphs 12 of the Complaint; Ms. Brown otherwise denies

the remaining allegations in paragraph 12 of the Complaint.

13. Ms. Brown admits the allegations contained in the first sentence of Paragraph 13 of the Complaint and denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Ms. Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14. Additionally, the allegations in Paragraph 14 constitute legal conclusions/argument for which no answer is required and therefore Ms. Brown neither admits nor denies those legal contentions. To the extent she is required to answer those allegations, they are denied.

## COUNT I
### (Breach of Contract against the Practice)

15. Ms. Brown realleges and incorporates herein by reference her responses to paragraphs 1 through 14 of the Complaint as realleged in paragraph 15 of the Complaint.

16. Ms. Brown admits the allegations contained in Paragraph 16 of the Complaint.

17. Ms. Brown lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17. Further, the allegations in Paragraph 17 constitute legal conclusions/argument for which no answer is required and therefore Ms. Brown neither admits nor denies those legal contentions. To the extent she is required to, they are denied.

18. Ms. Brown admits that the Practice has failed to cure any alleged defaults as alleged in paragraph 18 of the Complaint; Ms. Brown otherwise denies any remaining allegations in paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 constitute legal conclusions/argument for which no answer is required and therefore Ms. Brown neither admits nor denies those legal contentions.

The unnumbered paragraph immediately following Paragraph 19 is relief request which requires no answer.  Ms. Brown asserts that entitlement to the relief requested should be denied.

## COUNT II
### (Breach of Contract against Brown)

20. Ms. Brown realleges and incorporates herein by reference her responses to paragraphs 1 through 19 of the Complaint as realleged in paragraph 20 of the Complaint.

21. Ms. Brown denies the allegations contained in Paragraph 21 of the Complaint.

22. Ms. Brown denies the allegations contained in Paragraph 22 of the Complaint.

23. The allegations in Paragraph 23 constitute legal conclusions/argument for which no answer is required and therefore Ms. Brown neither admits nor denies those legal contentions.

The unnumbered paragraph immediately following Paragraph 23 is relief requested which requires no answer.  Ms. Brown asserts that entitlement to the relief request should be denied.

## COUNT III
### (Replevin against Defendants)

24. Ms. Brown realleges and incorporates herein by reference her responses to paragraphs 1 through 23 of the Complaint as realleged in paragraph 24 of the Complaint.

25. Ms. Brown admits the allegations contained in Paragraph 25 of the Complaint as to the Practice but denies the allegations as to Ms. Brown.

26. Ms. Brown admits the allegations contained in Paragraph 26 of the Complaint as to the Practice but denies the allegations as to Ms. Brown.

27. Ms. Brown admits the allegations contained in Paragraph 27 of the Complaint.

28. Ms. Brown admits the allegations contained in Paragraph 28 of the Complaint.

29. Ms. Brown admits the allegations contained in Paragraph 29 of the Complaint as to the Practice except as to patient records, which is denied, and denies the allegations as to Ms. Brown.

30. Ms. Brown admits the allegations contained in Paragraph 30 of the Complaint.

The unnumbered paragraph immediately following Paragraph 30 is relief request which requires no answer. Ms. Brown asserts that entitlement to the relief requested should be denied.

## COUNT IV
### (Foreclosure of Security Interest)

31. Ms. Brown realleges and incorporates herein by reference her responses to paragraphs 1 through 30 of the Complaint as realleged in paragraph 31 of the Complaint.

32. The allegations contained in Paragraph 32 of the Complaint are descriptive and constitute a legal position for which no answer is required; to the extent an answer is required, the allegations are denied.

33. Ms. Brown denies the allegations contained in Paragraph 33 of the Complaint.

34. Ms. Brown denies the allegations contained in Paragraph 34 of the Complaint.

35. Ms. Brown admits the allegations contained in Paragraph 35 of the Complaint as to the Practice but denies the allegations as to Ms. Brown.

36. Ms. Brown denies the allegations contained in Paragraph 36 of the Complaint.

The unnumbered paragraph immediately following Paragraph 36 is relief requested which requires no answer.

37. Except as admitted, explained, or otherwise answered herein, Ms. Brown denies each and every allegation of the Complaint.

## II.
## AFFIRMATIVE

**DEFENSES**

38. Without waiving any of the foregoing, and in the alternative, Ms. Brown asserts the following affirmative defenses to Plaintiff's claims:

39. Ms. Brown asserts personal exemptions under the Texas Property Code and under the Texas Constitution as to any assets and or property for which Wells Fargo asserts any claim and or interest.

40. Ms. Brown asserts that certain provisions in the loan documents identified in the Complaint are prohibited by law, are illegal, and or not enforceable including the assertion of rights in or to patient records.

41. Plaintiff has failed to perform all necessary conditions precedent before filing its Complaint in this matter.

42. Plaintiff has failed to mitigate its alleged damages, entitlement to which is expressly denied.

43. Dr. Brown is entitled to offset monies or other consideration paid or provided to Plaintiff.

44. Ms. Brown reserves the right to assert additional affirmative defenses in the event discovery or further proceedings indicate such defenses would be appropriate.

### III.
### JURY DEMAND

45. Defendant, Ms. Brown, hereby demands a jury trial.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, ASHLEY GENEE BROWN, prays that this Court deny Plaintiff's claims, grant Ms. Brown her reasonable attorney's fees and costs, and grant Defendant such other relief to which she may be justly entitled.

Respectfully submitted,

**WAUSON ♦ PROBUS**

By: ____/s/ Anabel King_____
    **Anabel King**
    State Bar No. 24067659
    Fed. I.D. No. 1012318
    aking@w-plaw.com
One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)

ATTORNEYS FOR DEFENDANT,
ASHLEY GENEE BROWN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on November 19, 2019, on the following counsel of record via CM/ECF:

**HOLLAND & KNIGHT**       *Counsel for Plaintiff*
    **Annapoorni Sankaran**
    State Bar No. 24071918
    S.D. Tex. No. 1097856
    **Andrea James**
    State Bar No. 24092571
    S.D. Tex. No. 3124869
1100 Louisiana Street, Suite 4300
Houston, Texas 77002
Phone: 713-244-8151
Email: anna.sankaran@hklaw.com
Email: andrea.james@hklaw.com

____/s/ Anabel King_____
Anabel King